UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORCERA SOLUTIONS, LLC (f/k/a TORREY POINT GROUP LLC), <br><br> Plaintiff, <br><br> v. <br><br> RAZOR, INC., SAGO NETWORKS, LLC, et al., <br><br> Defendants. | Case No.: 5:13-cv-05113-PSG <br><br> **ORDER GRANTING MOTION TO DISMISS DEFENDANT SAGO NETWORKS** <br><br> **(Re: Docket No. 8)** |

The merits of this case concern an alleged breach of contract. Defendant Sago Networks, LLC, argues that this court does not have the jurisdiction over it, such that the court may not reach those merits. Sago therefore brings the instant motion to dismiss for lack of personal jurisdiction. Plaintiff Torrey Point Group, LLC, believes that by virtue of acquiring Defendant Razor, Inc., Sago subjected itself to personal jurisdiction in California. Having considered the papers and the arguments of counsel, the court concludes that there is insufficient evidence to give rise to more than a "hunch" that Sago may have clients in California. Without even this minimal showing, the court cannot authorize a fishing expedition through Sago's client base in search of a jurisdictional hook and therefore grants the motion.

1

# I. BACKGROUND

On April 12, 2012, Razor's President, Matthew Kelly, placed an order with Torrey Point for $29,867 worth of computer parts,[1] and in December, 2012, Kelly placed a further order for $216,982 worth of computer equipment.[2] Even though the goods for each order were shipped by Torrey and received by Razor, no payment has yet been tendered.[3]

Between April and July, 2013, Torrey Point contacted Razor numerous times attempting to collect payment.[4] On July 30, 2013, Torrey Point was finally informed that "Sago Network is the owner of Razor Servers now. You will need to contact them."[5] After Torrey Point's efforts to collect from Sago went nowhere, on November 1, 2013, Torrey Point filed this suit against both Razor and Sago.

Disputing personal jurisdiction, Sago, has submitted a sworn declaration indicating that it never acquired Razor nor any physical assets Razor owned.[6] Sago claims that it merely purchased the customer base and Razor's assistance in migrating those customers to Sago's existing infrastructure in Florida and Georgia.[7] Although the purchase agreement reinforces these representations,[8] in response, Torrey Point highlights Sago's advertising contacts with California-

---

[1] *See* Docket No. 1 at ¶ 10.

[2] *See id.* at ¶ 13.

[3] *See id.* at ¶¶ 11, 16.

[4] *See id.* at ¶¶ 17-22.

[5] *See id.* at ¶ 22.

[6] *See* Docket No. 11 at ¶ 11.

[7] *See* Docket No. 11, Ex. A.

[8] *See id.*

2
Case No.: 5:13-cv-05113-PSG
ORDER GRANTING MOTION TO DISMISS

based corporations and its relationship with Razor's former clients, some of whom it believes may be located in California.[9]

## II. LEGAL STANDARDS
### A. Personal Jurisdiction

"In a motion challenging personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists."[10] If the court has not conducted an evidentiary hearing, the plaintiff "need only make a prima facie showing of jurisdictional facts."[11] At this stage of the proceeding, uncontroverted facts contained in the complaint are taken as true, and conflicts "between parties over statements contained in affidavits must be resolved in the plaintiff's favor."[12]

"Where, as here, there is no federal statute that governs personal jurisdiction, the Court must apply the law of the state in which it sits."[13] In this case, because "California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."[14] That is, for this court to exercise personal jurisdiction over Defendants, each "must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"[15] "A federal court may exercise either general or specific jurisdiction

---

[9] *See* Docket No. 18 at 8-11.

[10] *Rupert v. Bond*, Case No. 5:12-cv-05292-LHK, 2013 WL 5272462, at *4 (N.D. Cal. Sept. 17, 2013) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

[11] *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

[12] *Schwarzenegger*, 374 F.3d at 800.

[13] *Richmond Technologies, Inc. v. Aumtech Bus. Solutions*, Case No. 5:11-cv-02460-LHK, 2011 WL 2607158, at *4 (N.D. Cal. July 1, 2011) (citing *Schwarzenegger*, 374 F.3d at 800).

[14] *Schwarzenegger*, 374 F.3d at 800-01.

over a non-resident defendant."[16]  General jurisdiction exists where a defendant has "continuous and systematic" contacts with the forum state such that the defendant may be "haled into court in the forum state to answer for any of its activities anywhere in the world."[17]  "Specific jurisdiction is more limited in scope and can be exercised where the defendant has sufficient minimum contacts with the forum state, and the plaintiff's claims arise out of those contacts."[18]

### B. Jurisdictional Discovery

Fed. R. Evid. 26(d)(2) allows a court to authorize expedited discovery for "convenience and in the interests of justice."  The standard for authorizing expedited discovery is "good cause."  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[19]

In the Ninth Circuit, "[a] district court is vested with broad discretion to permit or deny [jurisdictional] discovery."[20]  Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." [21]  A court may grant jurisdictional discovery if the request is based on more than a 'hunch that it might yield jurisdictionally relevant facts,'"[22] or more than "bare allegations in the face of specific denials."[23]  In *Laub,* the Ninth Circuit reversed the district court's denial of

---

[15] *Id.* at 801 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[16] *Aumtech Bus*, 2011 WL 2607158, at *4.

[17] *Schwarzenegger*, 374 F.3d at 801.

[18] *Aumtech Bus*, 2011 WL 2607158, at *4 (citing *Schwarzenegger*, 374 F.3d at 801-02).

[19] *Semitool, Inc. v. Tokyo Electron Am.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

[20] *Laub v. U.S. Dep't of the Interior,* 342 F.3d 1080, 1093 (9th Cir. 2003).

[21] *Id.* (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir. 1986).

[22] *Boschetto v. Hansing*, 539 F.3d 1011, 1020, 1020 (9th Cir. 2008).

[23] *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 562 (9th Cir. 1995)(citation omitted).

jurisdictional discovery where there was a "reasonable probability" that the outcome of the motion to dismiss would be different if discovery were permitted.[24]

In light of *Laub*, courts in this district have held that a plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery.[25]  Rather a plaintiff must present only a "colorable basis" for jurisdiction, or "some evidence" constituting a showing lesser than a prima facie case.[26]

### III. DISCUSSION

Torrey Point offers only two viable theories under which the court could find personal jurisdiction: Sago's use of California-based social networks, and Sago's acquisition of Razor's hypothetical California clients.[27]  The Ninth Circuit has effectively rejected the first theory.  It has

---

[24] *Id.*  Indeed, it may be an abuse of discretion for a court to deny jurisdictional discovery where such discovery "*might* well demonstrate" jurisdictionally relevant facts and the plaintiff is denied the opportunity to develop the jurisdictional record.  *See Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1135 (9th Cir. 2003) (emphasis added); *Smug-mug, Inc. v. Virtual Photo Store, LLC,* No. 4:09-cv-2255-CW, 2009 WL 248003, at *3 (N.D. Cal. Aug. 13, 2009) (granting jurisdictional discovery request "because the existing record is insufficient to support personal jurisdiction and [p]laintiff has demonstrated that it can supplement its jurisdictional allegations through discovery").  *Accord Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.,* 395 F.3d 1275, 1283 (Fed.Cir. 2005) (holding plaintiff is entitled to jurisdictional discovery where existing record is inadequate to support personal jurisdiction but jurisdictional allegations can be supplemented through discovery); *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.,* 440 F.3d 870, 877-78 (7th Cir. 2006) (finding district court erred by denying jurisdictional discovery relating to general jurisdiction and noting "it is not surprising that [plaintiff] can do little more than suggest" certain minimum contacts given the denial of jurisdictional discovery).

[25] *See eMag Solutions, LLC v. Toda Kogyo Corp.,* No. 4:02-cv-1611-PJH, 2006 WL 3783548, at *82 (N.D.Cal. Dec. 21, 2006) (explaining that "[i]t would . . . be counterintuitive to require a plaintiff, *prior to* conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss") (quoting *Orchid Biosciences, Inc. v. St. Louis Univ.,* 198 F.R.D. 670, 673 (S.D.Cal. 2001)); *Focht v. Sol Melia S.A.,* Case No. 3:10-cv-0906-EMC, 2010 WL 3155826, at *2 (N.D.Cal. Aug. 9, 2010).

[26] *See In re Glenfed, Inc. Sec. Litig.,* 42 F.3d 1541, 1548 (9th Cir.1994); *Google, Inc. v. Egger,* Case No. 5:08-cv-3172 RMW (PSG), 2009 WL 1228485, at *1; *eMag Solutions,* 2006 WL 3783548, at *2; *Focht,* 2010 WL 3155826, at *2.

[27] *See* Docket No. 18.  Although Torrey Point offers five theories in all, their other three theories are plainly contradicted by the purchase agreement between Sago and Razor.  Because Torrey Point cannot contravene this legal document simply by wishing the facts were otherwise, their theories as to Sago's acquisition of Razor as a whole, Sago as Razor's successor corporation, and Sago's acquisition of Razor's physical equipment are not colorable.

5
Case No.: 5:13-cv-05113-PSG
ORDER GRANTING MOTION TO DISMISS

held that no personal jurisdiction exists where a party "regularly retains the services of a California-based direct-mail marketing company; has hired a sales training company, incorporated in California, for consulting services; and maintains an Internet website accessible by anyone capable of using the Internet, including people living in California."[28]  These factors are functionally identical to Sago's use of social networks and the existence of a shopping cart on its website.  Torrey Point relies heavily on Sago's use of Twitter, Facebook, LinkedIn, and GooglePlus to support the exercise of general jurisdiction, but in light of the Ninth Circuit's binding precedent, these factors cannot be found persuasive.

In support of its second theory, Torrey Point points out the dearth of information provided regarding the customers that Sago purchased from Razor, arguing that the evidence provided gives no insight as to whether the customers are individuals or corporations, where those individuals or corporations might be based, or any other information.  If those customers are based in California, such that Sago does have a client base here, that would be sufficient to establish jurisdiction.[29]  However, the court has a sworn declaration before it asserting that Sago does not have any clients in California, nor has it ever had any California-based clients in its legal existence, and Torrey Point has offered no evidence or sworn testimony to contradict this representation.  Instead, they offer broad speculations that it seems implausible that none of Razor's clients would be based in California.  Without any evidence to support them, those speculations cannot rise above the "mere hunch" bar that the Ninth Circuit requires cleared to obtain jurisdictional discovery.  Sago's motion must therefore be GRANTED, and Sago is DISMISSED from this case.

---

[28] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

[29] *See, e.g., T.M. Hylwa, M.D., Inc. v. Palka*, 823 F.2d 310, 314 (9th Cir. 1987) (exercising jurisdiction over an out of state defendant who provided services to a client based in California); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1984).

6
Case No.: 5:13-cv-05113-PSG
ORDER GRANTING MOTION TO DISMISS

**IT IS SO ORDERED**

Dated: February 14, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge