UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORCERA SOLUTIONS, LLC (f/k/a TORREY POINT GROUP LLC),<br><br>　　　　　　Plaintiff,<br>　　v.<br>RAZOR, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 5:13-cv-05113-PSG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**(Re: Docket No. 25)** |

　　　Plaintiff Corcera Solutions requests leave from the court to file a motion for reconsideration of the court's February 14, 2014 order dismissing Defendant Sago Networks for lack of personal jurisdiction.[1] This request is based on newly discovered evidence, and no party has filed an opposition.

　　　The order in question relied heavily on a sworn declaration from Sago Networks indicating that it had no contacts with California.[2] The order also chastised Plaintiff for offering only "broad speculations" without evidentiary support in opposition to the motion.[3] Now, Plaintiff has

---

[1] *See* Docket No. 23.

[2] *See id.* at 6.

[3] *Id.*

1

Case No. 5:13-cv-05113-PSG
ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION

conducted an "extensive investigation of its former employees" that has produced evidence that Sago Networks solicited California clients, received the services of California clients, engaged California clients in business, and is therefore subject to personal jurisdiction in California.[4]

In order to establish leave to file a motion for reconsideration, the moving party must specifically show that "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought."[5] "The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order."[6] "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[7] It "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[8]

Here, the motion is based on newly discovered evidence. Plaintiff argues that it clears the bar set by Local Rule 7-9(b)(1) because "was not able to conduct [the necessary] investigation within the response time to for filing an opposition to a motion to dismiss."[9] This argument is persuasive, particularly in light of the documentation submitted detailing the thorough nature of the

---

[4] Docket No. 29 at 3-5 (describing the steps of the investigation, including interviewing the former supervisors of its former employees, locating and interviewing former employees themselves, conducting a forensic investigation of data stored in inactive email accounts and verifying the findings of the investigation).

[5] Civ. L.R. 7-9(b)(1).

[6] *Id* .

[7] *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999).

[8] *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000).

[9] Docket No. 29 at 5.

2
Case No. 5:13-cv-05113-PSG
ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION

investigation performed.[10]   Based on the dates of the documents submitted for review, Plaintiff also appears to have been diligent in bringing this motion for reconsideration as quickly as possible, once it had the necessary information.[11]   Plaintiff's motion for leave to file a motion for reconsideration therefore is GRANTED.  The motion for reconsideration shall be filed by August 1, 2014, and any opposition shall be filed by August 11, 2014.  No reply brief will be considered.

**IT IS SO ORDERED.**

Dated: July 22, 2014

*(signature)*
PAUL S. GREWAL
United States Magistrate Judge

---

[10] *See* Docket Nos. 25-1, 25-2, 25-3, 25-4, 25-5, 25-6, 25-7, 25-8.

[11] *See id.*