UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORCERA SOLUTIONS, LLC (f/k/a TORREY POINT GROUP LLC), <br><br>                    Plaintiff, <br>        v. <br><br>RAZOR, INC., et al., <br>                    Defendants. | Case No.: 5:13-cv-05113-PSG <br><br>**ORDER GRANTING-IN-PART MOTION FOR RECONSIDERATION** <br><br>**(Re: Docket No. 29)** |

Plaintiff Corcera Solutions, LLC moves for reconsideration of the court's February 14, 2014 order dismissing Defendant Sago Networks, LLC.[1] Sago opposes Corcera's motion.[2] The court GRANTS Torrey Point's request but only as to its request for limited jurisdictional discovery.

## I.    BACKGROUND

The merits of this case concern an alleged breach of contract between Torrey Point and Defendants, including Sago.[3] The details have been recited elsewhere, and so the court does not

---

[1] *See* Docket No. 23.

[2] *See* Docket No. 31.

[3] *See* Docket No. 1 at 2. Torrey Point is now known as Corcera. For the sake of consistency, the court continues to refer to Plaintiff as Torrey Point.

1
Case No.: 5:13-cv-05113-PSG
ORDER GRAINTING-IN-PART MOTION FOR RECONSIDERATION

repeat them here.[4]  Sago moved to dismiss for lack of personal jurisdiction.[5]  Torrey Point opposed, arguing Sago engaged in business relations and transactions with Torrey Point such that Sago is subject to personal jurisdiction in California.[6]  After considering the parties' papers and arguments, the court concluded Torrey Point had not provided sufficient evidence to support the exercise of personal jurisdiction over Sago.[7]  The court also concluded that without sufficient evidence or sworn testimony to contradict Sago's representation about its contacts with this jurisdiction, Torrey Point's broad speculations did not rise above the "mere hunch" required to obtain jurisdictional discovery.[8]  The court accordingly denied Torrey Point's request for jurisdictional discovery and dismissed Sago from the case.[9]

## II.     DISCUSSION

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation."[10] Reconsideration may, however, be granted when the moving party presents new material facts or the court failed to consider material facts.[11]  Ultimately, "whether or not to grant reconsideration is committed to the sound discretion of the court."[12]  This court granted Torrey Point's motion for leave to file for reconsideration because it was persuaded that despite, its diligent efforts, Torrey

---

[4] *See* Docket No. 23.

[5] *See* Docket No. 8.

[6] *See* Docket No. 18 at 3-4.

[7] *See* Docket No. 23 at 6.

[8] *See id; Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2003).

[9] *See* Docket No. 23 at 6.

[10] *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

[11] *See* Civ. L.R. 7-9(b)(2)-(3) (party moving for reconsideration must show "[t]he emergence of new material facts… or a manifest failure by the Court to consider material facts").

[12] *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003).

Point was unable to complete its investigation into Sago's personal jurisdiction within the response time for filing an opposition to Sago's motion to dismiss.[13]

Torrey Point seeks reconsideration based on additional evidence, including sworn testimony, that it alleges contradicts representations Sago made to the court.[14] For example, Torrey Point offers evidence that Sago was in regular contact with employees of Torrey Point regarding networking equipment Torrey Point had previously sold to Razor.[15] A sworn declaration from former Torrey Point employee Ben Tuorto describes his observation of this same networking equipment in Sago's facility.[16] A similar declaration from former Torrey Point employee Steve Jackson describes Sago's engagement with Torrey Point to perform an on-site technical analysis at this same facility.[17] Torrey Point argues that this engagement between Sago and Torrey Point's employees in California regarding the networking equipment in Sago's possession—which is the subject of this suit—is sufficient to establish Sago's minimum contacts with California, or in the alternative, jurisdictional discovery.

Torrey Point also contends that this evidence directly contradicts representations based on the declaration of Sago President Miller Cooper, which was key to Sago's motion to dismiss.[18] Torrey Point specifically challenges Sago's representation that "physical equipment, including that physical equipment identified in the Complaint at issue herein, was not subject of the sale, nor was the subject equipment subsequently transferred, formally or informally, to Sago."[19] Torrey Point also points to Sago's representation that it has not entered into any contracts with California residents.[20] Given Tuorto's statement that he in fact saw the network equipment while

---

[13] *See* Docket No. 28 at 2-3.

[14] *See* Docket No. 29 at 6-7.

[15] *See id.* at 5.

[16] *See id.* (Tuorto Decl. Ex. A-1, ¶ 7).

[17] *See id.* (Jackson Decl. Ex. A-2, ¶ 10).

[18] *See* Docket No. 29 at 6-7.

[19] *See* Docket No. 11 at 2.

[20] *See* Docket No. 29 at 8.

3
Case No.: 5:13-cv-05113-PSG
ORDER GRAINTING-IN-PART MOTION FOR RECONSIDERATION

at the Sago facility, and Jackson's statement about Sago's efforts to engage with Torrey Point about further service, Torrey Point argues it has presented facts that controvert Sago's and has at least met the standard for jurisdictional discovery.[21]

Sago opposes the motion for reconsideration on two separate grounds.[22] Sago first argues the evidence Torrey Point now presents was available at the time of the motion to dismiss, and thus Torrey Point should not get a "second bite at the apple" through reconsideration.[23] Sago also contends that Torrey Point still fails on the merits to demonstrate Sago had sufficient minimum contacts with California to establish either personal jurisdiction or adequate grounds for jurisdictional discovery.[24]

In granting Sago's motion to dismiss, the court relied on Sago's seemingly uncontroverted sworn declaration asserting that it has no contacts with California and was not in possession of any network equipment previously sold by Torrey Point.[25] While Torrey Point might have secured Tuorto's and Jackson's testimony earlier, Torrey Point's motion for reconsideration reveals the court may have erred in relying on Cooper's declaration.[26] While the court is not yet convinced that the facts are sufficient to establish personal jurisdiction, let alone the merits of Torrey Point's underlying claim, Torrey Point has now presented a "colorable basis" for jurisdiction warranting limited jurisdictional discovery.[27]

### III.   CONCLUSION

Torrey Point's request for reconsideration of the court's February 14 order is hereby GRANTED-IN-PART. The parties are hereby authorized to engage in discovery limited to the

---

[21] *See* Docket No. 29 at 12.

[22] *See* Docket No. 31 at 1.

[23] *See* Docket 31 at 3-4.

[24] *See id.* at 4-5.

[25] *See* Docket No. 23 at 6.

[26] *See* Docket No. 29 at 1-2.

[27] *Laub v. U.S. Dep't of the Interior,* 342 F.3d 1080, 1093 (9th Cir. 2003).

4
Case No.: 5:13-cv-05113-PSG
ORDER GRAITING-IN-PART MOTION FOR RECONSIDERATION

1  issue of Sago's personal jurisdiction.  This discovery shall be narrowly focused on only those few
2  document requests, depositions, and the like necessary to establish whether personal jurisdiction
3  over Sago is appropriate.  The discovery shall be concluded within 45 days of this order.  If at the
4  conclusion of jurisdictional discovery Sago maintains its position that this court lacks personal
5  jurisdiction, Sago may renew its motion to dismiss.  All other discovery is stayed.

**IT IS SO ORDERED.**

Dated: September 24, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge