1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    CORCERA SOLUTIONS, LLC,                    Case No. 5:13-cv-05113-PSG

8                    Plaintiff,                 **ORDER REASSIGNING CASE TO A**
                                                **DISTRICT JUDGE; REPORT AND**
9              v.                               **RECOMMENDATION SUBSTITUTING**
                                                **PARTY PLAINTIFF, PARTIALLY**
10   SAGO NETWORKS, LLC, et al.                 **DISMISSING CLAIMS AND ENTERING**
                                                **DEFAULT JUDGMENT**
11                  Defendants.
                                                **(Re:  Docket No. 104)**

12

13          Plaintiff Corcera Solutions, LLC (formerly known as Torrey Point Group, LLC) sued five

14   defendants: Sago Networks, LLC, Razor, Inc., Matthew Kelly, John Zettlemoyer and Miller

15   Cooper.[1]  Corcera and Sago settled last year,[2] and as part of the settlement, Corcera assigned to

16   Sago its claims against Razor and gave Sago the right to substitute as party plaintiff in order to

17   liquidate those claims.[3]  Sago now moves to substitute itself as party plaintiff, dismiss the case

18   against Sago, Cooper and Zettlemoyer[4] and enter final default judgment against Razor.[5]  Because

19

20   _____

     [1] *See* Docket No. 52.
21
     [2] *See* Docket No. 103.
22

23   [3] *See* Docket No. 104 at 2; Docket No. 104-1 at 1.

24   [4] Although Sago moved to dismiss only the claims against itself and Cooper, it clarified at today's
     hearing that it also sought to dismiss the claims against Zettlemoyer.  *See* Docket No. 104 at 2-3;
25   Docket No. 107.

26   [5] *See* Docket No. 104.

27                                                     1
     Case No. 5:13-cv-05113-PSG
28   ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND
     RECOMMENDATION SUBSTITUTING PARTY PLAINTIFF, PARTIALLY DISMISSING
     CLAIMS AND ENTERING DEFAULT JUDGMENT

United States District Court
Northern District of California

Razor has not consented to magistrate judge jurisdiction,[6] the court ORDERS the Clerk of Court to reassign this case to a district judge and RECOMMENDS that the newly assigned judge GRANT Sago's motion.

## I.

The settlement agreement between Corcera and Sago assigns Sago the right to collect the receivables Corcera is owed by Razor, and allows Sago to substitute itself as party plaintiff for Corcera in order to enforce that right.[7]  Sago thus properly moves to substitute itself as party plaintiff and dismiss all claims against itself.[8]

As for the claims against the individual defendants, Sago voluntarily dismisses the claims against Cooper and Zettlemoyer, because Sago, as assignee of Corcera's contract claims, seeks to pursue only the assigned claims against Razor.[9]  Kelly filed for bankruptcy in 2014 and received a discharge, and so this case is permanently stayed as to him.[10]

This leaves only claims two and three against Razor, on which Sago seeks entry of default judgment.  The Clerk of Court entered default against Razor in 2013.[11]  After entry of default, district courts are authorized to enter default judgment, so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings."[12]  Entry of default judgment

---

[6] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 72(a).

[7] *See* Docket No. 104-1 at 1.

[8] *See* Docket No. 104 at 2-3.

[9] *See id.*; Docket No. 107.

[10] *See* Docket No. 104 at 5; Docket No. 104-2.

[11] *See* Docket No. 16.

[12] Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55 (authorizing the court to enter default judgment).

Case No. 5:13-cv-05113-PSG
ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION SUBSTITUTING PARTY PLAINTIFF, PARTIALLY DISMISSING CLAIMS AND ENTERING DEFAULT JUDGMENT

is discretionary.[13]  To determine whether default judgment is warranted, the court balances the *Eitel* factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."[14]

Here, the *Eitel* factors favor default judgment.

As to the first factor, Sago has no alternative recourse if the court does not grant its motion for default judgment.

As to the second and third factors, claims two and three of the complaint allege breach of contract and open invoice claims in the amount of $233,341.00.[15]  "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default."[16]  "Under California law, the elements of a breach of contract claim are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to plaintiff."[17]  The claims are supported by a copy of the contract between Corcea and Razor, as

---

[13] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one." (citing *Duling v. Markun*, 231 F.2d 833 (7th Cir. 1956); Georgia Power Project v. Georgia Power Co., 409 F. Supp. 332, 336-37 (N.D. Ga. 1975); Ciccarello v. Joseph Schlitz Brewing Co., 1 F.R.D. 491, 493-94 (S.D. W.Va. 1940))).

[14] *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

[15] *See* Docket No. 52 at ¶¶ 49-65; Docket No. 52-1 at Ex. C, Ex. F.

[16] *Bd. of Trustees of Sheet Metal Workers v. Moak*, Case No. 4:11-cv-04620-CW, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d)).

[17] *Cnty. of Alameda v. Superior Court*, Case No. A121590, 2009 WL 2993813, at *5 (Cal. Ct. App. Sept. 21, 2009) (quoting *City of Los Angeles v. Super. Ct. of L.A. Cnty.*, 51 Cal.2d 423, 433 (1959)); *but see Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1255–60 (2002)

Case No. 5:13-cv-05113-PSG
ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION SUBSTITUTING PARTY PLAINTIFF, PARTIALLY DISMISSING CLAIMS AND ENTERING DEFAULT JUDGMENT

well as copies of the unpaid invoices, which satisfy *Eitel*'s merit and sufficiency factors.[18]

The fourth *Eitel* factor is the amount of money at stake. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions."[19] "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable."[20] Sago seeks a judgment of $233,341.00 in damages plus prejudgment interest.[21] This figure is calculated as the total invoices outstanding from Razor.[22] Because the damages sought are merely what is necessary to compensate Sago for the actual invoices owed, the amount sought is reasonable in light of Razor's actions.

The fifth *Eitel* factor is the possibility of disputed material facts. Following entry of default, the court "takes all well-pleaded facts, except those pertaining to damages, as true."[23] Sago's claims, moreover, are supported by clear record evidence, such as the invoices.[24]

The sixth *Eitel* factor is whether the default was due to excusable neglect. Razor was served in 2013, and default was entered soon afterward.[25] Despite having notice of this lawsuit,

---

(holding that in circumstances where essential elements have been agreed to by the parties, agreements to negotiate may be enforceable).

[18] *See* Docket No. 52-1 at Ex. C, Ex. F.

[19] *Truong Giang Corp. v. Twinstar Tea Corp.*, Case No. 3:06-cv-03594-JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

[20] *Id.*

[21] *See* Docket No. 104 at 2.

[22] *See* Docket No. 104-1 at 1.

[23] *Truong*, 2007 WL 1545173, at *12.

[24] *See* Docket No. 1 at Ex. E; Docket No. 52-1 at Ex. C, Ex. F.

[25] *See* Docket No. 6-1 at 2; Docket No. 16.

4

Case No. 5:13-cv-05113-PSG
ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND
RECOMMENDATION SUBSTITUTING PARTY PLAINTIFF, PARTIALLY DISMISSING
CLAIMS AND ENTERING DEFAULT JUDGMENT

Razor has not appeared to challenge the entry of default.[26]  A finding of excusable neglect is unwarranted.

The seventh *Eitel* factor is whether default judgment comports with the legal principles undergirding the Federal Rules of Civil Procedure. While the Federal Rules favor decisions on the merits, this preference standing alone is not dispositive.[27]  A decision on the merits is not possible where defendants have failed to participate in the proceedings. The baseline preference to adjudicate cases on the merits thus does not preclude a trial court from entering default judgment.

On balance, the *Eitel* factors support entry of default judgment.

**SO ORDERED AND RECOMMENDED.**

Dated: April 26, 2016

PAUL S. GREWAL
United States Magistrate Judge

---

[26] *See* Docket No. 16.

[27] *See Zazenski v. Danner*, Case No. 5:12-cv-02344-RMW-PSG, 2013 WL 5513437, at *5 (N.D. Cal. Oct. 4, 2013); *see also Kloepping v. Fireman's Fund*, Case No. 3:94-cv-02684-THE, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996).

Case No. 5:13-cv-05113-PSG
ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION SUBSTITUTING PARTY PLAINTIFF, PARTIALLY DISMISSING CLAIMS AND ENTERING DEFAULT JUDGMENT

United States District Court
Northern District of California